IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


**UNION SECURITY LIFE INSURANCE**
**COMPANY, ET AL.,**                                                                             **PLAINTIFFS,**

**VS.**                       **CIVIL ACTION NO. 3:04CV90-P-A**

**JOYCE MARTIN and SHERYL MOORE,**                         **DEFENDANTS**


**CONSOLIDATED WITH**


**DORIS SELMON, ET AL.,**                                               **PLAINTIFFS,**

**VS.**                       **CIVIL ACTION NO. 2:03CV108-P-A**

**FIRST FAMILY FINANCIAL SERVICES, ET AL.,**             **DEFENDANTS.**


<u>**MEMORANDUM OPINION**</u>

This matter comes before the court upon Plaintiffs Union Security Life Insurance Company, American Security Insurance Company, American Bankers Insurance Company of Florida, and American Bankers Life Assurance Company of Florida's Motion for Summary Judgment [14-1]. Upon due consideration of the motion and the responses filed thereto, the court is prepared to rule.

The plaintiffs in the present case, *Union Security Life Insurance Company, et al. v. Joyce Martin and Sheryl Moore*, Cause Number 3:04CV090-P-A, are defendants in the underlying case *Selmon, et al. v. First Family Financial Services, et al.*, Cause Number 2:03CV108-P-A. Both cases have been consolidated.

1

*Selmon* has eighteen plaintiffs, including Joyce Martin and Sheryl Moore, suing the aforementioned insurance companies for alleged predatory lending practices. After *Selmon* was filed, the insurance companies filed the instant petition to compel arbitration of Martin and Moore's claims.

In response, Martin and Moore filed a motion to dismiss the petition to compel arbitration, arguing waiver, failure to add a compulsory claim, and the first-to-file rule. The court has denied this motion to dismiss. This leaves the instant motion filed by the insurance companies, seeking summary judgment that Martin and Moore's claims are subject to the arbitration agreements they signed and that their claims in the underlying *Selmon* action should be dismissed without prejudice and compelled to arbitration. In response to summary judgment, Martin and Moore posit their three arguments underlying their motion to dismiss in addition to their arguments that the arbitration agreements were unconscionable and that the instant petition should be stayed pending conclusion of the underlying *Selmon* case.

There is no dispute that Martin and Moore signed the proffered arbitration agreements. It is also undisputed that the language of the arbitration agreements covers the scope of their claims levied in *Selmon*. Furthermore, neither Martin nor Moore show any indication of evidence supporting their allegation of unconscionability.

Under the Federal Arbitration Act, written agreements to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable and enforceable." 9 U.S.C. § 2. "Contracts to arbitrate are not to be avoided by allowing one part to ignore the contract and resort to the courts." *Southland Corp. v. Keating*, 465 U.S. 1, 7 (1984). The FAA "mandates that district courts shall direct parties to proceed to arbitration on issues as to which an arbitration agreement

has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Section 3 of the FAA does not limit dismissal of a case in the proper circumstances and if all of the issues raised in the district court are arbitrable, dismissal of the case is proper. *Alford v. Dean Witter Reynolds*, 975 F.2d 1161, 1164 (5th Cir. 1992). Even when a party claims the contract itself was fraudulently induced, such a claim does not affect the parties' obligation to arbitrate. *Prima Paint Corp. v. Flood & Conklin Mfg.Co.*, 388 U.S. 395, 403 (1967).

The Supreme Court has consistently held that "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S. 468, 476, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989).

In any event, a person is bound by the contents of a contract she signs, whether she reads it or not. *Stephens v. Equitable Life Assur. Society of the U.S.*, 850 So.2d 78, 83084 (Miss. 2003); *Massey v. Tingle*, 867 So.2d 235, 240 (Miss. 2004) ("[I]n Mississippi, a person is charged with knowing the contents of any document that he executes."); *Turner v. Terry*, 799 So.2d 25, 36 ("[P]arties to an arms-length transaction are charged with a duty to read what they sign; failure to do so constitutes negligence."); *McKenzi Check Advance of Mississippi, LLC v. Hardy*, 866 So.2d 446, 455 (Miss. 2004) ("It is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it."); *Washington Mutual Finance Group, LLC v. Bailey*, 364 F.3d 260, 262-63 (even a illiterate person is charged with reading a contract).

## **CONCLUSION**

The court concludes that there is no need to delay decision upon the instant motion for

summary judgment. It is very clear that Martin and Moore signed the arbitration agreements, which were entirely separate and conspicuous documents, that the agreements cover their underlying claims in *Selmon*, and that there is no evidence of unconscionability. Therefore, Plaintiffs Union Security Life Insurance Company, American Security Insurance Company, American Bankers Insurance Company of Florida, and American Bankers Life Assurance Company of Florida's Motion for Summary Judgment [14-1] should be granted, the claims of Joyce Martin and Sheryl Moore in *Selmon, et al. v. First Family Financial Services, et al.*, Cause Number 2:03CV108-P-A should be compelled to arbitration and should be dismissed without prejudice from *Selmon*. Accordingly, an Order shall issue forthwith,

**THIS DAY** of July 15, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE