IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

UNION SECURITY LIFE INSURANCE
COMPANY, ET AL.,                                                              PLAINTIFFS,

VS.                                          CIVIL ACTION NO. 2:04CV138-P-A

ELIZABETH BROWN, WILLIE BROWN,
SHARON COLLINS, CHARLOTTE FURR,
MARY HOSKINS, BESSIE VALENTINE,
ALFRED WALTON, and BEATRICE WRIGHT,                     DEFENDANTS.

CONSOLIDATED WITH

**DORIS SELMON, ET AL.,**                                                 **PLAINTIFFS,**

**VS.**                                      **CIVIL ACTION NO. 2:03CV108-P-A**

**FIRST FAMILY FINANCIAL SERVICES, ET AL.,**             **DEFENDANTS.**

## MEMORANDUM OPINION

This matter comes before the court upon Plaintiffs Union Security Life Insurance Company, American Security Insurance Company, American Bankers Insurance Company of Florida, and American Bankers Life Assurance Company of Florida's Motion for Summary Judgment [20-1]. Upon due consideration of the motion and the responses filed thereto, the court is prepared to rule.

The plaintiffs in the present case, *Union Security Life Insurance Company, et al. v. Elizabeth Brown, et al.*, Cause Number 3:04CV090-P-A, are among the defendants in the underlying case *Selmon, et al. v. First Family Financial Services, et al.*, Cause Number

1

2:03CV108-P-A. These cases, among others, have been consolidated with *Selmon* as the lead case.

*Selmon* involves eighteen plaintiffs, including Elizabeth Brown, Willie Brown, Sharon Collins, Charlotte Furr, Mary Hoskins, Bessie Valentine, Alfred Watson, and Beatrice Wright, suing various finance companies and insurance companies for alleged predatory lending practices. After *Selmon* was filed, the insurance companies filed the instant petition to compel arbitration of the claims by the aforementioned eight *Selmon* plaintiffs against them. The insurance companies submit that these eight signed arbitration agreements that cover their claims in the *Selmon* case.

In response to the petition, the eight defendants filed a motion to dismiss, arguing waiver, failure to add a compulsory claim, and the first-to-file rule. The court has denied their motion to dismiss. This leaves the instant motion filed by the insurance companies seeking summary judgment that the eight's claims are subject to the arbitration agreements they signed and that their claims in the underlying *Selmon* action should be stayed until arbitration is complete.

In opposition to summary judgment, the eight have filed no response.

There is no dispute that the signed the subject arbitration agreements. It is also undisputed that the language of the arbitration agreements covers the scope of the claims levied by them in *Selmon*.

Under the Federal Arbitration Act, written agreements to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable and enforceable." 9 U.S.C. § 2. "Contracts to arbitrate are not to be avoided by allowing one party to ignore the contract and resort to the courts." *Southland Corp. v. Keating*, 465 U.S. 1, 7 (1984). The FAA "mandates that district

courts shall direct parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Even when a party claims the contract itself was fraudulently induced, such a claim does not affect the parties' obligation to arbitrate. *Prima Paint Corp. v. Flood & Conklin Mfg.Co.*, 388 U.S. 395, 403 (1967).

The Supreme Court has consistently held that "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S. 468, 476, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989).

In any event, a person is bound by the contents of a contract he signs, whether he reads it or not. *Stephens v. Equitable Life Assur. Society of the U.S.*, 850 So.2d 78, 83084 (Miss. 2003); *Massey v. Tingle*, 867 So.2d 235, 240 (Miss. 2004) ("[I]n Mississippi, a person is charged with knowing the contents of any document that he executes."); *Turner v. Terry*, 799 So.2d 25, 36 ("[P]arties to an arms-length transaction are charged with a duty to read what they sign; failure to do so constitutes negligence."); *McKenzi Check Advance of Mississippi, LLC v. Hardy*, 866 So.2d 446, 455 (Miss. 2004) ("It is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it."); *Washington Mutual Finance Group, LLC v. Bailey*, 364 F.3d 260, 262-63 (even a illiterate person is charged with reading a contract).

## **CONCLUSION**

The court concludes that there is no need to delay decision upon the instant motion for summary judgment. It is evident the eight signed the arbitration agreements, that the agreements

3

involved interstate commerce, and that the agreements cover the eight's underlying claims in *Selmon* against the insurance companies. It is equally clear that the eight have submitted no evidence or binding legal authority to create a genuine issue of material fact. Therefore, Plaintiffs Union Security Life Insurance Company, American Security Insurance Company, American Bankers Insurance Company of Florida, and American Bankers Life Assurance Company of Florida's Motion for Summary Judgment [20-1] pending in *Union Security Life Insurance Company, et al. v. Elizabeth Brown, et al.*, Cause Number 3:04CV090-P-A should be granted.

Furthermore, the court concludes that the claims of Elizabeth Brown, Willie Brown, Sharon Collins, Charlotte Furr, Mary Hoskins, Bessie Valentine, Alfred Watson, and Beatrice Wright against the insurance companies should be dismissed without prejudice rather than stayed pursuant to Section 3 of the FAA. This is because section 3 does not limit dismissal of a case in the proper circumstances; if all of the issues raised in the district court are arbitrable, dismissal of the case is proper. *Alford v. Dean Witter Reynolds*, 975 F.2d 1161, 1164 (5th Cir. 1992). In the instant case, it is readily apparent that all of eight's claims against the insurance companies are arbitrable; therefore, it is in the interests of judicial economy to simply dismiss those claims without prejudice rather than stay them pending the completion of arbitration.
Accordingly, an Order shall issue forthwith,

**THIS DAY** of July 18, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE