**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**DORIS SELMON, ET AL.,**                                                    **PLAINTIFFS,**

**VS.**                                                          **CIVIL ACTION NO.: 2:03CV108-P-A**

**FIRST FAMILY FINANCIAL SERVICES,
INC., ET AL.,**                                                              **DEFENDANTS.**

**ORDER**

This matter comes before the court upon Plaintiffs' Objection to the Magistrate Judge's Order of June 4, 2004 [74-1]. After due consideration of the objection, the responses filed thereto, and the original briefs regarding the plaintiffs' motion to amend the complaint which was denied by the June 4, 2004 Order, the court finds as follows, to-wit:

The First Amended Complaint, filed in 2003, contains various claims surrounding the plaintiffs' basic allegation that they were fraudulently induced to purchase credit insurance in connection with loans they received from the defendants. On April 10, 2006 the court stayed proceedings in this case pending Fifth Circuit ruling on an appeal of the approval of a class action settlement by Judge Walter J. Gex III in *Baker, et al. v. Washington Mutual Finance, et al.*, Cause Number 1:04CV137 – a class action that involves the claims of the instant plaintiffs. Upon information and belief, the Fifth Circuit has recently affirmed the approval of the settlement.

On March 3, 2004 the plaintiffs had already filed the instant motion for leave to amend the First Amended Complaint in which they seek to add additional claims based on the post-complaint behavior of the defendants. These claims include: (1) that the defendants improperly, abusively, and

1

without justification, accused certain plaintiffs of being bankrupt and having accused them and their counsel of violating a federal bankruptcy order; (2) that a defendant has abused the arbitration process and has improperly attempted to compel all plaintiffs into arbitration without evidence that all of them signed arbitration agreements; and (3) that the Insurance Defendants have breached their obligations to their insureds by refusing them access to their own insurance policies, certificates, and other related documents, thus committing bad faith. The plaintiffs also wish to amend the First Amended Complaint in order to remove certain defendants from this action and to properly identify others.

On June 4, 2004 the U.S. Magistrate Judge denied the motion to amend. She wrote that "[n]ot only is amendment inappropriate because the proceedings are stayed pending a ruling on the motion to remand, but the validity of the proposed new claims is suspect. Moreover, and more importantly for the purposes of this order, the new claims share no common issues of fact or law with the claims in the first amended complaint, and therefore, do not meet the standard for permissive joinder as set out in Fed. R. Civ. P. 20." The court has since denied the motion to remand. Furthermore, the plaintiffs are correct that Rule 20 applies to parties, not individual claims.

Pursuant to Fed. R. Civ. P. 15(a), after an answer has been filed as is the case before the court, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." However, leave to amend "is by no means automatic." *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999).

With regard to Rule 15(a) amendments, the Supreme Court wrote in *Foman v. Davis*, 371 U.S. 178, 182 (1962):

If the underlying facts or circumstances relied upon by a plaintiff may be a proper

subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

The questions, therefore, are whether "the underlying facts or circumstances relied upon by [the] plaintiff [in their motion to amend] may be a proper subject of relief," whether it can be said that the plaintiffs are guilty of "undue delay, bad faith or dilatory motive ..., repeated failure to cure deficiencies by amendments previously allowed," whether there will be "undue prejudice to the opposing party by virtue of allowance of the amendment," or whether amendment would be futile. *Foman*, 371 U.S. at 182.

The court concludes that the plaintiffs' claims based solely upon post-complaint conduct of the defendants with regard to the latter's conduct in litigation are not the "proper subject of relief" justifying an amendment of the complaint in this particular case. The new claims discussed above are more properly addressed either in motions for sanctions within this case or in a wholly separate case. In any event, the claims appear futile since the court is very skeptical of the validity of the proposed claims as separate causes of action in the circumstances of this case.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiffs' Objection to Magistrate Judge's Order of June 4, 2004 [74-1] is **OVERRULED**; and

(2) The U.S. Magistrate Judge's June 4, 2004 Order denying the plaintiffs' motion to amend

3

the First Amended Complaint is **AFFIRMED**.

    **SO ORDERED** this the 14th day of September, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE
